UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ANTHONY RAY MARTINEZ,

        Plaintiff-Appellant.

v.

BILL OWENS, Governor, State of
Colorado; JOE ORTIZ, Executive
Director, Colorado Department of
Corrections; GARY GOLDER,
Warden, Sterling Correctional Facility;
JENNIFER ANDERSON, Law Library
Clerk, Sterling Correctional Facility;
C. SORES; MICHAEL MORENO,
Corrections Officer, Colorado
Department of Corrections, Sterling
Correctional Facility; MR.
WAJCIECHOWSKI, Case Manager,
Sterling Correctional Facility; JASON
ZWIRN, Reviewing Supervisor, Lt.,
Hearings, Sterling Correctional
Facility; TARRY WALKER,
Corrections Officer, Colorado
Department of Corrections, Sterling
Correctional Facility; CHRIS CLAIR,
Sgt., Colorado Department of
Corrections, Sterling Correctional
Facility; MR. GIBSON, Lt., Colorado
Department of Corrections, Sterling
Correctional Facility; CATHIE
HOIST, Director, Legal Services,
Colorado Department of Corrections,

        Defendants-Appellees.

No. 05-1101
(District of Colorado)
(D.C. No. 04-Z-2074)

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Martinez brought both an original and an amended complaint asserting claims under 42 U.S.C. § 1983 against the Governor of Colorado and various officials and employees of the Colorado Department of Corrections. Martinez brought numerous claims generally fitting within the following categories: (1) limitations on his right to access legal materials violated both his Fifth and Eighth Amendment rights; (2) he has been retaliated against by prison officials for filing a previous civil rights suit; (3) he has been subjected to flawed prison disciplinary hearings; (4) he has been subject to verbal and physical harassment; and (5) he has been deprived of his property without due process of law. In a thorough order, the district court dismissed Martinez's access-to-the-courts claim and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

prison-disciplinary-proceedings claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The district court dismissed the remainder of Martinez's claims without prejudice for failure to exhaust prison administrative remedies pursuant to 42 U.S.C. 1997e(a).

The matter is before this court on Martinez's appeal of the district court's order of dismissal and his request to proceed on appeal *in forma pauperis*. This court grants Martinez's request to proceed on appeal *in forma pauperis*. Martinez is reminded that he is under a continuing obligation to make partial payments of the appellate filing fee until that fee is paid in full. 28 U.S.C. § 1915(b). We have reviewed the record, the appellate briefs, and the applicable law and conclude that the dismissal of Martinez's § 1983 complaint was proper. Accordingly, the district court's order dismissing Martinez's complaint is **AFFIRMED** for substantially the reasons stated in the district court's order dated December 23, 2004.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge